UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ISIDRO ESQUIVEL-BASQUEZ

        Petitioner,

-vs-                                            Case No. 5:06-cv-312-Oc-10GRJ
                                                          5:05-cr-8-Oc-10GRJ

UNITED STATES OF AMERICA,

        Respondent.
_____/

## O R D E R

This case is before the Court for consideration of the Defendant/Petitioner's Motion under 28 U.S.C. § 2255, (Doc. 1), in which he raises 13 alleged claims of ineffective assistance of trial counsel. All of these claims are without merit, and are subject to disposal without an evidentiary hearing.

Under the two-part analysis of Strickland v. Washington, 466 U.S. 668 (1984), to prevail on an ineffective assistance of counsel claim, a defendant would have to show that his trial attorney's performance fell below an objective standard of reasonableness and that these unprofessional errors prejudiced the defense. To demonstrate prejudice in this case, the Defendant/Petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "Conclusory allegations of ineffective assistance are insufficient." Wilson v. United States, 962 F. 2d 996, 998 (11th Cir. 1992) (quoting United States v. Lawson, 947 F. 2d 849, 853 (7th Cir. 1991).

As discussed in greater detail in the Government's response, (Doc. 6), the Defendant/Petitioner has failed to establish that he suffered any prejudice with respect to any of the eleven claims of ineffective assistance. The majority of the claimed "errors" are either not errors at all, or tactical decisions by trial counsel, which do not amount of ineffective assistance. Chandler v United States, 218 F.3d 1305, 1314 (11th Cir. 2000) ("[C]ounsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken 'might be considered sound trial strategy.'"). To the extent trial counsel was deficient, such errors would be harmless in any event because any objections or motions that could have been made would most assuredly have been overruled or denied in each instance based on binding legal precedent. More importantly, the Government presented overwhelming evidence of the Defendant/Petitioner's guilt beyond a reasonable doubt, therefore making it impossible for the Defendant/Petitioner to demonstrate that, absent these alleged errors, the result of his trial would have been different.[1]

---

[1] The only claim that gives the Court any pause is the claim that trial counsel failed to object or move for a mistrial after Special Agent Florentino Rosales testified that, at the time of the Defendant/Petitioner's arrest, the Defendant/Petitioner asked to speak to an attorney before answering any questions. While this small portion of Agent Rosales' testimony may have been improper, (it constitutes two sentences out of 71 pages of trial testimony), it is clear that the inclusion of this testimony did not result in any prejudice. The evidence presented at trial overwhelmingly pointed to the Defendant/Petitioner's guilt. Agent Rosales' mention of the Defendant/Petitioner's request for an attorney was inextricably intertwined with the evidence being presented - that is, the entire course of events at the time of the Defendant/Petitioner's arrest. Simply put, this is not a case where the Defendant/Petitioner's "silence was the touchstone of the government's case-in-chief, . . . ." United States v. Tenorio, 69 F.3d 1103, 1107 (11th Cir. 1995). Moreover, the Defendant/Petitioner has not even attempted to explain how the exclusion of this
(continued...)

Accordingly, the Defendant/Petitioner's Motion Under 28 U.S.C. § 2255 (Doc. 1) is DENIED. The clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 17th day of December, 2007.

_____
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record

---

[1](...continued)
brief testimony would have changed the outcome of his trial. As such, this claim is due to be denied.